## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JANICE FLANARY, ASHLI ROGERS, and ROBERT STAPLETON on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HILL'S PET NUTRITION, INC.,<br><br>Defendant. | Case No. 1:19-cv-243<br><br><br>**JURY TRIAL DEMANDED**<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Janice Flanary, Ashli Rogers, and Robert Stapleton ("Plaintiffs") bring this action, on behalf of themselves and all others similarly situated, against Hill's Pet Nutrition, Inc. ("Hill's" or "Defendant") and allege as follows:

## FACTUAL ALLEGATIONS

1.      Defendant sells pet food for dogs and has worked to build a premium brand specifically targeted at ingredient-conscious pet owners.

2.      Founded in 1939, Defendant claims to "make nutrition a cornerstone of veterinary medicine." Defendant sells its products through veterinary clinics (including those with on-line stores) and in leading national pet specialty chains, including PetSmart and Petco as well as online through vendors such as Amazon.

3.      Veterinarians usually prescribe Defendant's Science Diet and Prescription Diet product lines to address nutritional deficiencies and health issues. Therefore, the alleged premium ingredients present in these pet foods are an important characteristic to consumers,

including the Plaintiffs and Class Members.

4.    At issue in this action are certain sizes and varieties of two of Defendant's pet food product lines: "Science Diet" and "Prescription Diet" (collectively "Hill's Products").[1]

---

[1] The products that are part of the Hill's Pet Nutrition dog food recall include the following products:
- Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew 5.5 oz.
- Hill's Prescription Diet z/d Canine 5.5 oz.
- Hill's Prescription Diet g/d Canine 13 oz.
- Hill's Prescription Diet i/d Canine 13 oz.
- Hill's Prescription Diet j/d Canine 13 oz.
- Hill's Prescription Diet k/d Canine 13 oz.
- Hill's Prescription Diet w/d Canine 13 oz.
- Hill's Prescription Diet z/d Canine 13 oz.
- Hill's® Prescription Diet® k/d® Kidney Care with Lamb Canned Dog Food, 13oz, 12-pack
- Hill's® Science Diet® Adult Perfect Weight Chicken & Veg. Entrée dog food 12 x 12.8oz cans
- Hill's® Prescription Diet® c/d® Multicare Urinary Care Chicken & Veg. Stew Canned Dog Food, 5.5oz, 24-pack
- Hill's® Prescription Diet® i/d® Low Fat Canine Rice, Veg. & Chicken Stew 24 x 5.5oz cans
- Hill's® Prescription Diet® r/d® Canine 12 x 12.3oz cans
- Hill's® Science Diet® Adult Beef & Barley Entrée Canned Dog Food, 13oz, 12-pack
- Hill's® Science Diet® Adult 7+ Healthy Cuisine Roasted Chicken, Carrots & Spinach Stew dog food 12 x 12.5oz cans
- Hill's® Science Diet® Healthy Cuisine Adult Braised Beef, Carrots & Peas Stew Canned Dog Food, 12.5oz, 12-pack
- Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew 12.5 oz.
- Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew 12.5 oz.
- Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew 12.5 oz.
- Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew 12.5 oz.
- Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entrée Dog Food 5.8 oz.
- Hill's Science Diet Puppy Chicken & Barley Entrée 13 oz.
- Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult Turkey & Barley Dog Food 13 oz.
- Hill's Science Diet Adult Chicken & Beef Entrée Dog Food 13 oz.
- Hill's Science Diet Adult Light with Liver Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz.
- Hill's Science Diet Adult 7+ Turkey & Barley Entrée 13 oz.
- Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew 12.5 oz.
- Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food 12.5 oz.

https://www.hillspet.com/productlist?gclid=CjwKCAiA767jBRBqEiwAGdAOr98jryZUcUF6QfRg_53X Y__88eysTT6230JZpMAHvfUDhMi2G6akNRoCk6AQAvD_BwE&gclsrc=aw.ds (last accessed on April 1, 2019).

These products contained toxic levels of vitamin D, and when consumed, resulted in the illness and death of thousands of dogs nationwide.

### *Hill's Misrepresentations*

5.      In its advertising, marketing material and packaging, Defendant represents that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[2]

6.      In order to better sell its Products, and to entice veterinarians to prescribe them, Defendant markets the Products as formulated and intended for dogs with specific needs or illnesses, such as: age-specific dietary needs, breed-specific dietary needs, digestive issues, heart issues, liver issues, or kidney issues.

7.      Defendant proudly declares that "We only accept ingredients from suppliers whose facilities meet stringent quality standards and who are approved by Hill's.  Not only is each ingredient examined to ensure its safety, we also analyze each product's ingredient profile for essential nutrients to ensure your pet gets the stringent, precise formulation they need."[3]

8.      Defendant goes on to state that "We conduct annual quality systems audits for all manufacturing facilities to ensure we meet the high standards your pet deserves. We demand compliance with current Good Manufacturing Practices (cGMP) and Hill's high quality standards, so your pet's food is produced under clean and sanitary conditions."[4]

9.      Further, Defendant declares that "We conduct final safety checks daily on every Hill's pet food product to help ensure the safety of your pet's food.  Additionally, all finished products are physically inspected and tested for key nutrients prior to release to help ensure

---

[2] https://www.hillspet.com/dog-food (last accessed on April 2, 2019).
[3] https://www.hillspet.com/about-us/quality-and-safety (last accessed on April 2, 2019).
[4] *Id*.

your pet gets a consistent product bag to bag."[5]

10.    Defendant clearly states that its products contain the "precise balance" of nutrients needed for a healthy dog: "Guided by science, we formulate our food with precise balance so your pet gets all the nutrients they need — and none they don't."[6]

11.    The packaging for the Products include claims that the Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs."

12.    As demonstrated by the recall discussed below and the thousands of sickened and dead dogs who consumed Hill's Products, Defendant's representations about quality, ingredient supply, and product manufacturing and oversight are false, misleading and deceptive.

***The Recall***

13.    On January 31, 2019, Defendant announced an initial recall of canned Prescription Diet and Science Diet products. Hill's issued a press release detailing the risk of excessive vitamin D consumption and identifying certain affected products.

14.    On February 7, 2019, Defendant announced an expansion of the recall to include additional SKU and lot numbers of canned Prescription Diet and Science Diet products.

15.    On March 20, 2019, Defendant announced a second expansion of the recall to include additional Science Diet and Prescription Diet products and additional Science Diet and Prescription Diet SKU and lot numbers.

---

[5] *Id.*
[6] https://www.hillspet.com/about-us/nutritional-philosophy (last accessed on April 2, 2019).

16.    Hill's claims the excessive vitamin D is "due to a supplier error."[7]

## *The Price Premium*

17.    Defendant charges a premium price for its Products.  As demonstrated below, the Hill's Products command a substantial premium over other dog food products:[8]

| Brand | Quantity | Price | Unit Price |
|---|---|---|---|
| Hill's Pres. Diet i/d Canine Chicken & Vegetable Stew 12.5 oz. | 12 cans | $39.99 | $3.33 per can $0.27 per ounce |
| Hill's Pres. Diet w/d Canine Vegetable & Chicken Stew 12.5 oz. | 12 cans | $38.99 | $3.25 per can $0.26 per ounce |
| Hill's Science Diet Adult Chicken & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Hill's Science Diet Adult 7+ Beef & Barley Entrée Dog Food 13 oz. | 12 cans | $22.20 | $1.85 per can $0.14 per ounce |
| Purina ONE SmartBlend Classic Ground Beef and Brown Rice Adult 13 oz. | 12 cans | $12.67 | $1.06 per can $0.08 per ounce |
| Iams ProActive Health Adult Chicken and Whole Grain Rice Pate 13 oz. | 12 cans | $16.80 | $1.40 per can $0.11 per ounce |
| Nature's Recipe Easy-to-Digest Chicken, Rice & Barley Recipe Cuts in Gravy Stew 13.2 oz. | 12 cans | $13.99 | $1.17 per can $0.09 per ounce |
| Purina Dog Chow High Protein Chicken Classic Ground Canned Dog Food 13 oz. | 12 cans | $12.60 | $1.05 per can $0.08 per ounce |

---

[7] https://www.fda.gov/Safety/Recalls/ucm630232.htm (last accessed on April 2, 2019).
[8] Pricing information obtained from: https://www.chewy.com, accessed on 02/15/2019.

18.    The presence of toxic levels of vitamin D in the Hill's Products leading to a high probability of endangering the health of the dogs and ultimately resulting in many sick and dead dogs indicates that the Hill's Products' value to the consumers is diminished, and consequently, the Products are worth substantially less than the premium prices paid to purchase them.

19.    As a result of Defendant's misrepresentations, deceptive conduct and unfair practices, Plaintiffs and class members suffered actual damages and economic losses because they overpaid for the Hill's Products not knowing that the Hill's Products had an adverse effect on their pets' health.

20.    Consumers are willing to pay a premium for Defendant's Hill's Products because these foods are represented to be specifically formulated for the particular health needs of dogs and to meet certain ingredient supply, quality, testing and oversight, and manufacturing standards. In its advertising, marketing material and packaging, Defendant represents, among other things, that Hill's Products provide "[n]utrition that can transform the lives of pets and comfort the pet parents and vets who care for them."[9]

21.    Instead, Plaintiffs and Class Members paid a premium for a product that sickened or killed thousands of dogs.  And, all Class Members despite having paid a premium price for supposedly healthy dog food marketed to be specifically formulated to address certain health concerns and to meet certain ingredient supply, quality, testing and oversight, and manufacturing standards, did not receive what they paid for.  Pet owners purchased the Hill's Products and paid the pricing premium because of the positive benefits to their dog's health, as claimed by Defendant.  Instead of receiving this positive health benefits, these consumers were subject to expensive veterinary bills and related costs as they tried to address the illnesses

---

[9] https://www.hillspet.com/dog-food (last accessed on April 2, 2019).

caused by the excessive and toxic vitamin D levels in the Hill's Products.

22.    As a result of Defendant's deceptive conduct and/or unfair practices, Plaintiffs and Class Members suffered actual damages and/or economic losses, including the death of thousands of dogs.

**_Additional Advertising and Marketing Misrepresentations_**

23.    As described above and below, Defendant has engaged in an extensive, nationwide, uniform marketing and advertising campaign replete with misrepresentations and false statements concerning the nutritional advantage of the Science Diet and Prescription Diet product lines.

24.    Describing the quality of Hill's Products, Defendant's website[10] states a "commitment to quality" with more than 220 veterinarians, food scientists, technicians and Ph.D. nutritionists developing all of Hill's pet foods. Defendant also states that ingredients are accepted only from suppliers whose facilities meet stringent quality standards and who are approved by Defendant. Each ingredient is supposedly examined to ensure its safety.[11]

25.    Another component to Defendant's deceptive marketing and advertising campaign for its Prescription Diet product line is its alliance with veterinarians[12] which emphasizes a "unique position to find a solution" to dietary and health issues that dogs may face.

26.    Additionally, Defendant claims that its Science Diet product line would feed "your dog's best life" with biology based nutrition and that "we make our foods using only high-quality ingredients."[13]

---

[10] https://www.hillspet.com/about-us/quality-and-safety (Last visited on April 2, 2019).
[11] _Id._
[12] https://www.hillspet.com/prescription-diet/dog-food (Last visited on April 2, 2019).
[13] https://www.hillspet.com/science-diet/dog-food (Last visited on April 2, 2019).

***Defendant's Misrepresentations and Omissions are Material to Consumers***

27.     Although pet foods vary in the quality of ingredients, formula, manufacturing processes and inspection quality, and nutritional value, premium or ultra-premium pet foods, like Hill's Products, typically have higher standards with respect to each of these important variables.

28.     Hill's Pet Nutrition Prescription Diet and Science Diet product lines are typically sold through a veterinarian's office and provide tailored nutritional care to help with conditions including obesity, digestive problems, skin sensitivities, kidney problems, aging joints, diabetes, liver problems, heart health, and more.

29.     As discussed above, Hill's Products emphasize nutritional value for the dogs consuming them. Pet owners generally buy them to address a health issue or nutritional deficiency that their dog may be experiencing – and pay a premium price to do so.

30.     Accordingly, Defendant's ultra-premium pet foods are higher priced with larger mark-ups.

## PARTIES

31.     Plaintiff Janice Flanary is a citizen of Ohio and resides in Franklin, Ohio.  At various times within the Relevant Time Period (defined below), Plaintiff Flanary purchased Hill's Science Diet Adult 7+ Chicken & Barley Entrée Dog Food in 13-ounce cans for her dog. Plaintiff Flanary's dog consumed the Hill's Products and became very ill because of the toxic levels of vitamin D present in the Hill's Products consumed. Plaintiff Flanary spent nearly $1,200 on veterinary expenses due to her pet's illness caused by the Hill's Products.

32.     Plaintiff Ashli Rogers is a citizen of Ohio and resides in Cleveland, Ohio.  At various times within the Relevant Time Period (defined below), Plaintiff Rogers purchased the

following Hill's Products for her dog: Hill's Science Diet Adult Turkey & Barley Dog Food in 13-ounce cans, and Hill's Science Diet Adult 7+ Turkey & Barley Entre in 13-ounce cans. Plaintiff Roger's dog consumed the Hill's Products, became very ill, and died because of the toxic levels of vitamin D present in the Hill's products consumed.

33.     Plaintiff Robert Stapleton is a citizen of Ohio and resides in Fairfield Township in Hamilton, Ohio.  At various times within the Relevant Time Period (defined below), Plaintiff Stapleton purchased the following Hill's Products for his dog: Hill's Prescription Diet c/d Multicare Canine Chicken & Vegetable Stew in 12.5-ounce cans, Hill's Prescription Diet i/d Canine Chicken & Vegetable Stew in 12.5-ounce cans, Hill's Prescription Diet Metabolic + Mobility Canine Vegetable & Tuna Stew in 12.5-ounce cans, Hill's Prescription Diet w/d Canine Vegetable & Chicken Stew in 12.5-ounce cans, Hill's Prescription Diet i/d Low Fat Canine Rice, Vegetable & Chicken Stew in 12.5-ounce cans, Hill's Prescription Diet Derm Defense Canine Chicken & Vegetable Stew in 12.5-ounce cans, Hill's Science Diet Adult 7+ Small & Toy Breed Chicken & Barley Entre Dog Food in 5.8-ounce cans, Hill's Science Diet Adult Chicken & Barley Entre Dog Food in 13-ounce cans, Hill's Science Diet Adult Turkey & Barley Dog Food in 13-ounce cans, Hill's Science Diet Adult Chicken & Beef Entre Dog Food 13-ounce cans, Hill's Science Diet Adult Light with Liver Dog Food in 13-ounce cans, Hill's Science Diet Adult 7+ Chicken & Barley Entre Dog Food in 13-ounce cans, Hill's Science Diet Adult 7+ Beef & Barley Entre Dog Food in 13-ounce cans, Hill's Science Diet Adult 7+ Turkey & Barley Entre in 13-ounce cans, Hill's Science Diet Adult 7+ Healthy Cuisine Braised Beef, Carrots & Peas Stew Dog Food in 12.5-ounce cans, and Hill's Science Diet Adult 7+ Youthful Vitality Chicken & Vegetable Stew Dog Food in 12.5-ounce cans.  Plaintiff Stapleton's dog consumed these Hill's Products and became ill because of the toxic levels of

vitamin D present in the Hill's Products consumed.

34.     Defendant Hill's Pet Nutrition is a Kansas corporation with its corporate headquarters located at 400 South West 8th Street, Topeka, Kansas 66603.  Defendant markets, advertises, distributes and sells various pet food products nationwide, including the Hill's Products covered by this action.

## JURISDICTION AND VENUE

35.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class Member is a citizen of a state different from Defendant.

36.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant is headquartered and does business throughout this District.

## CLASS ACTION ALLEGATIONS

37.     Plaintiffs bring this action on behalf of themselves and all other similarly situated persons pursuant to Fed. R. Civ. P. 23.

### *The Classes and Subclasses Defined*

38.     Plaintiffs seek to represent a nationwide class defined as all persons in the United States who purchased Hill's Products during the Relevant Time Period. "Relevant Time Period" means the time period beginning with the earliest date that the Hill's Products contained abnormally high levels of vitamin D.

39.     Plaintiffs also seek to represent an Ohio Subclass defined as all persons who are Ohio residents who purchased Hill's Products during the Relevant Time Period.

40.     Excluded from the Class and Ohio Subclass are Defendant, any entity in which

Defendant has a controlling interest, and its legal representatives, officers, directors, employees, assigns and successors; persons and entities that purchased Hill's Products for resale; the Judge to whom this case is assigned and any member of the Judge's staff or immediate family; and Class Counsel.

### *The Classes and Subclasses Satisfy the Rule 23 Requirements*

41.     Members of the Class and Subclasses are so numerous that joinder of all members is impracticable.  While the exact number of Class Members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiffs believe the members of the Class exceed thousands of persons, if not hundreds of thousands.

42.     Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions solely affecting individual members of the Class and Subclass. Among questions of law and fact common to the Class and Subclass are:

   a.   Whether Hill's Products contain excessive levels of vitamin D;

   b.   Whether Hill's Products contain excessive vitamin D at levels high enough to injure and kill dogs;

   c.   Whether Defendant's labeling, advertising, and marketing is false;

   d.   Whether Defendant's labeling, advertising, and marketing is misleading;

   e.   Whether Defendant's labeling, advertising, and marketing is deceptive;

   f.   Whether Defendant breached warranties by making the representations above;

   g.   Whether Defendant was unjustly enriched by making the representations and omissions above;

   h.   Whether Defendant's actions as described above violated the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq.;

       i.    Whether the Hill's Products' value to Class Members and Subclass Members is diminished, and consequently, the Products are worth substantially less than the premium prices paid for them because of the toxic level of vitamin D; and

       j.    Whether Defendant's actions as described above violated various state consumer protection statutes.

43.    Plaintiffs' claims are typical of the claims of Class and the Subclass because Plaintiffs and each member of the Class and Subclass purchased Hill's Products, and suffered damages and a loss of money as a result of that purchase.

44.    Plaintiffs are adequate representatives of the Class and the Subclass because their interests do not conflict with the interests of the Class and Subclass members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of the Class and the Subclass members will be fairly and adequately protected by Plaintiffs and their counsel.

45.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class and Subclass may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class and Subclass to individually redress these wrongs. There will be no difficulty in the management of this class action.

46.    Certification pursuant to Fed. R. Civ. 23(b)(1) is appropriate because prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class and subclass members that, as a practical matter, would be dispositive of the interests of the other members not parties

to the individual adjudications or would substantially impair or impede their ability to protect their interests.

47.     Certification pursuant to Fed. R. Civ. 23(b)(2) is appropriate because Defendant has acted or refused to act on grounds that apply generally to the Class and Subclass so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class and Subclass as a whole.

## COUNT I

## VIOLATION OF MAGNUSON-MOSS WARRANTY ACT

## (15 U.S.C. § 2301, *et seq.*)

47.     Plaintiffs and Class Members repeat and reallege and incorporate by reference each allegation set forth above and further alleges as follows.

48.     Plaintiffs bring this Count I individually and on behalf of the members of the Class against Defendant.

49.     Hill's Products are consumer products as defined in 15 U.S.C. § 2301(1).

50.     Plaintiffs and Class Members are consumers as defined in 15 U.S.C. § 2301(3).

51.     Plaintiffs purchased Hill's Products during the Relevant Time Period costing more than $5 and their individual claims are greater than $25 as required by 15 U.S.C. § 2302(e) and 15 U.S.C. § 2310(d)(3)(A).

52.     Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

53.     In connection with the sale of Hill's Products, Defendant issued written warranties as defined in 15 U.S.C. § 2301(6), which warranted that the products, among other things,  "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural

ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Additional written warranties as defined in 15 U.S.C. § 2301(6) issued by Defendant in connection with the sale of the Hill's Products include, but are not limited to, that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

54. Defendant breached these written warranties because the Hill's Products contained excessive and toxic levels of vitamin D harmful to pet health.

55. By reason of Defendant's breach of the written warranties, Defendant violated the statutory rights due Plaintiffs and Class Members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, thereby damaging Plaintiffs and Class Members.

56. Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs and/or Class Members gave Defendant notice thereof.

## COUNT II

## BREACH OF EXPRESS WARRANTY

57. Plaintiffs repeat and reallege each and every allegation above, as if set forth in full herein.

58. Defendant sold, and Plaintiffs and members of the Class purchased Hill's Products during the Relevant Time Period.

59. Defendant represented in its marketing, advertising, and promotion of Hill's Products that those products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," and "meet[ ] the special nutritional needs of puppies and adult dogs." Defendant also represented, among other things,

that "We only accept ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

60.     The Hill's Products did not conform to Defendant's representations and warranties in that they contained excessive and toxic levels of vitamin D harmful to pet health.

61.     Within a reasonable time after Plaintiffs knew or should have known of such failure to conform, Plaintiffs and/or Class Members gave Defendant notice thereof. Further, Defendant knew and had knowledge of the fact that its Hill's Products failed to conform to these representations and warranties well before Plaintiff and the Class Members.

62.     As a direct and proximate result of Defendant's breach of these express warranties and failure of the Hill's Products to conform, Plaintiffs and members of the Class have been damaged in that they did not receive the product as specifically warranted and/or paid a premium for the product and incurred veterinary expenses to treat their ill pets caused by these breaches.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

63.     Plaintiffs repeat and reallege each and every allegation above, as if set forth in full herein.

64.     Defendant sold and Plaintiffs and members of the Class purchased Hill's Products.

65.     When sold by Defendant, the Hill's Products were not merchantable, did not pass without objection in the trade under the label description, were not of fair average quality within that description, were not fit for the ordinary purposes for which such goods are used, and did not conform to the promises or affirmations of fact made on the container or label

because of the excessive and toxic levels of vitamin D.

66.     Within a reasonable time after Plaintiffs knew or should have known that the Hill's Products were not fit for such purpose and/or was not otherwise merchantable as set forth above, Plaintiffs and/or Class Members gave Defendant notice thereof.  Further, Defendant knew and had knowledge of the fact that its Hill's Products failed to conform to these representations and warranties well before Plaintiff and the Class Members

67.     As a direct result of the Hill's Products being unfit for such purpose and/or otherwise not merchantable, Plaintiffs and the members of the Class were damaged in that they did not receive the product as warranted and/or paid a premium for the product and incurred veterinary expenses to treat their ill pets.

## COUNT IV

## UNJUST ENRICHMENT

68.     Plaintiffs repeat the allegations of the foregoing paragraphs, as if fully set forth herein.

69.     Plaintiffs conferred benefits on Defendant by purchasing Hill's Products at a premium price.

70.     Defendant has knowledge of such benefits.

71.     Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members' purchases of Hill's Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant falsely and misleadingly represented,  among other things, that its Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily,"

16

"meet[ ] the special nutritional needs of puppies and adult dogs," contains "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety" when, in fact, the Hill's Products contained excessive levels of vitamin D harmful to pet health, which caused injuries to Plaintiffs and members of the Class because they would not have purchased (or paid a price premium) for Hill's Products had the true facts been known.

72.     Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class Members for its unjust enrichment, as ordered by the Court.

## COUNT V

## VIOLATION OF THE OHIO CONSUMER SALES PRACTICES ACT

### (Ohio Revised Code § 1345.01 et seq.)

73.     Plaintiffs and the Ohio Subclass Members hereby reallege and incorporate by reference each allegation set forth above as if fully set forth herein and further allege as follows:

74.     Plaintiffs assert this Count on behalf of themselves and the Ohio Subclass.

75.     The Ohio Consumer Sales Practices Act, O.R.C. § 1345.02 ("Act"), prohibits unfair or deceptive acts or practices in connection with a consumer transaction.  For example, the Act prohibits suppliers from representing that goods have characteristics or uses or benefits which they do not have.  The Act also prohibits suppliers from representing that their products or goods are of a particular standard, quality, or grade they are not; that the products or goods have been supplied in accordance with a previous representation, if it has not; and that the transaction involves a warranty, rights, remedies, or obligations if that representation is false.  Defendant's actions as described throughout this Complaint violate each of these provisions.  The Ohio

Consumer Sales Practices Act, O.R.C. § 1345.03, also prohibits unconscionable acts or practices in connection with a consumer transaction which includes the circumstances at issue here where Defendant has knowingly taken advantage of the inability of consumers reasonably to protect their interests because of the consumers' ignorance of the toxic levels of vitamin D present in the Hill's Products and because Defendant knowingly made misleading statement of opinion on which Plaintiffs were likely to rely to their detriment as discussed throughout this Complaint.

76.     Defendant is a "supplier" as that term is defined in O.R.C. § 1345.01(C).

77.     Plaintiffs and the Ohio Subclass members are "consumers" as that term is defined in O.R.C. § 1345.01(D).

78.     Defendant's conduct alleged above constitutes unfair, deceptive, and unconscionable acts and practices in connection with a consumer transaction in violation of O.R.C. § 1345.02 and § 1345.03.  The unfair, deceptive, and unconscionable acts and practices occurred before, during, and after the transactions and include, but are not limited to, misrepresenting that Hill's Products "[s]upport[ ] a healthy immune system," "improve and lengthen quality of life," "can be used long-term," "[p]rotect[ ] vital kidney & heart function," "[s]upport your dog's natural ability to build lean muscle daily," "meet[ ] the special nutritional needs of puppies and adult dogs," contain "ingredients from suppliers whose facilities meet stringent quality standards," and that "each ingredient [is] examined to ensure its safety."

79.     Defendant's conduct as alleged above constitutes an act or practice previously declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 and previously determined by Ohio courts to violate Ohio's Consumer Sales Practices Act and was committed after the decisions containing these determinations were made available for public inspection under division (A)(3) of O.R.C. § 1345.05.  The applicable rule and Ohio

court opinions include, but are not limited to: OAC 109:4-3-16; *Cordray v. Dannon Co.*, PIF No. 10002917 (Dec. 22, 2010); *Brown v. Hartman*, PIF No. 10000070 (Nov. 15, 1982); and *In re United Egg Producers*, PIF No. 10002495 (October 12, 2006).

80.     These misrepresentations constitutes the use by Defendant of unconscionable commercial practices, deception, and misrepresentation and, thus constitutes multiple, separate violations of Ohio Revised Code § 1345.01 et seq.

81.     Defendant's conduct caused damages to Plaintiffs and the Ohio Subclass Members as alleged herein because they would not have purchased Hill's Products, or would not have purchased Hill's Products on the same terms, had they known that the products in fact contained excessive vitamin D; (b) they paid a price premium for Hill's Products based on Defendant's false, deceptive, and misleading statements; and (c) Hill's Products did not have the characteristics and benefits promised because they contained excessive and toxic levels of vitamin D.

82.     Accordingly, Plaintiffs and the Ohio Subclass Members suffered damages and are entitled to recover damages and attorneys' fees pursuant to Ohio Revised Code § 1345.09.

## **RELIEF DEMANDED**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek a judgment against Defendant, as follows:

   a.   For an order certifying the nationwide Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclass and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

   b.   For an order declaring that Defendant's conduct violates the statutes referenced

herein;

c.   For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclass on all counts asserted herein;

d.   For compensatory (including but not limited to emotional distress), statutory, and punitive damages in amounts to be determined by the Court and/or jury;

e.   For prejudgment interest on all amounts awarded;

f.   For an order of restitution and all other forms of equitable monetary relief;

g.   For injunctive relief as pleaded or as the Court may deem proper; and

h.   For an order awarding Plaintiffs and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiffs demand a trial by jury on all claims so triable.

Dated:  April 2, 2019                    Respectfully submitted,

/s/Jeffrey S. Goldenberg
Jeffrey S. Goldenberg, Esq. (0063771)
GOLDENERG SCHNEIDER, L.P.A.
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202
Tel: (513) 345-8291
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

Attorney for the Plaintiffs and Class